UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05132-SPG-RAO | Date | May 8, 2026 |
|---|---|---|---|
| Title | Manuel Arturo Salazar-Salazar v. Warden, FCC-Lompoc Low II | | |

| Present: The Honorable | SHERILYN PEACE GARNETT UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:    (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS MOOT**

On May 30, 2025, Petitioner Manuel Arturo Salazar-Salazar ("Petitioner")—a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution II ("FCI") in Lompoc, California, and proceeding *pro se*—filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1 ("Pet.")). The Petition claims that the BOP is improperly denying Petitioner earned time credits under the First Step Act ("FSA"). (Pet. at 1).

On August 9, 2025, Respondent filed an Answer to the Petition, along with a declaration of a BOP paralegal specialist and supporting exhibits. (ECF Nos. 13, 13-1, 13-2). The Answer contends that because Petitioner is subject to a final order of removal, the FSA bars application of earned time credits to his sentence computation, and thus the Petition should be dismissed. (ECF No. 13 at 4-5). On October 7, 2025, Magistrate Judge Oliver issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed with prejudice. (ECF No. 19). On November 10, 2025—after the objections period had closed—Petitioner filed an opposition. In light of the opposition, Judge Oliver withdrew the R&R to prepare and issue an amended R&R.

The Court has since independently conducted a public records check of BOP's inmate locator, which indicates that Petitioner is no longer in BOP custody as of March 18, 2026. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited May 7, 2026).

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05132-SPG-RAO | Date | May 8, 2026 |
|---|---|---|---|
| Title | Manuel Arturo Salazar-Salazar v. Warden, FCC-Lompoc Low II | | |

federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue upon which the court may grant relief. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (stating that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). When a litigant seeks action from an administrative agency, performance of the relief sought is sufficient to render the claim moot and absolve the federal court of jurisdiction to adjudicate the suit. *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought application of earned time credits to his sentence and recalculation of his release date. Since the filing of the Petition, it appears that he has been released. Accordingly, it appears that this matter no longer involves a "live controversy." *Peneueta v. Ricolcol*, No. 2:23-cv-6361, 2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)).

In light of Petitioner's apparent release from custody, the Court hereby ORDERS Petitioner to show cause why this action should not be dismissed as moot. Within thirty (30) days of the issuance of this Order, Petitioner shall file a written response stating whether he remains in custody and, if not, explaining why this action is not moot. Failure to respond shall be deemed consent to dismissal of the Petition with prejudice.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg